UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Lee MUSCHIK, Defendant–
Appellant.

No. 93–30461.

United States Court of Appeals,
Ninth Circuit.

July 15, 1996.

·Kris A. McLean, Assistant United States Attorney,. Helena, Montana, for plaintiff-appellee.

William M. Brooke, Moore, O'Connell·& Refling, Bozemañ, Montana, for defendant-appellant.

Before HUG, Chief Judge, and WOOD, Jr.,* and TROTT,** Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge: ··

On January 22, 1996, the Supreme Court vacated this court's decision in *United States v. Muschik,* 49 F.3d 512 (9th Cir.1995), and remanded the case to us for further consideration in light of its recent decision, *Neal v. United States,* 516 U.S. ——, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996). We now affirm the sentence that the district court originally imposed on December 6, 1993.

I.

Richard Lee Muschik was arrested on May 24, 1991, by the Drug Enforcement Administration pursuant to a complaint. charging him with conspiracy to possess with intent. to distribute and actual distribution of LSD in violation .of 21 U.S.C. §§ 841(a)(1) and 846.[1] On March 12, 1992, Muschik pleaded guilty to conspiracy to distribute LSD. At Muschik's sentencing,. the district court determined that the amount of LSD involved required application of the mandatory minimum provision of 21 U.S.C.

---

* The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, is sitting by designation.

** Judge Tang was a member of the panel that originally decided this case. Judge Tang died prior to this remand and Judge Trott was drawn as his replacement.

1. On October 23, 1991, Muschik escaped from federal custody while awaiting trial on the drug charges. Muschik was apprehended again on November 28, 1991, ánd detained. On January 28, 1992, Muschik was convicted of escape in violation of 18 U.S.C. § 751. Muschik's escape conviction was combined with the drug charges for sentencing purposes.

§ 841(b)(1)(A). Pursuant to this statute, and in light of Muschik's prior state felony drug conviction, Muschik was sentenced to a term of twenty years.

Muschik appealed. We vacated the district court's sentence and remanded for re-sentencing in strict compliance with the inquire and inform provisions of 21 U.S.C. § 851(b) regarding the enhancement of Muschik's sentence for recidivism. *United States v. Muschik,* No. 92–30233, 995 F.2d 234 (9th Cir. June 11, 1993).

Prior to the district court's resentencing, the United States Sentencing Commission amended the Sentencing Guidelines and changed the manner in which the weight of LSD is calculated under the Sentencing Guidelines. U.S.S.G. § 2D1.1(c) (1993) (as amended by U.S.S.G. app. C, amend. 488 (1993) ("Amendment 488")). The weight of Muschik's LSD had previously been calculated under the methodology established by the Supreme Court in *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), wherein it was held that the entire weight of the carrier medium [2] should be included. Under this method, it was determined that Muschik's LSD weighed 101 grams.

The Commission amended the Background to § 2D1.1 to state:

> Because the weights of LSD carrier media vary widely and typically far exceed the weight of the controlled substance itself, the Commission has determined that basing offense levels on the entire weight of the LSD and carrier medium would produce unwarranted disparity among offenses involving the same quantity of actual LSD (but different carrier weights), as well as sentences disproportionate to those for other, more dangerous controlled substances, such as PCP.

The Commission therefore revised the Guideline to provide: "In the case of LSD on a carrier medium (*e.g.,* a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table." U.S.S.G. § 2D1.1(c) n.*. In preparation for resentencing, the United States Probation Office recalculated the weight of Muschik's LSD under this formula and arrived at a weight of 5.68 grams.

The district court, however, concluded that Amendment 488 did not supersede the previously existing quantification methodology. Therefore, the district court again included the entire weight of the carrier medium and it resentenced Muschik to a term of the same length as it had imposed originally-twenty years. Muschik appealed once more.

On appeal, we vacated the sentence imposed by the district court and remanded for resentencing under the standard-weight methodology established by Amendment 488. *United States v. Muschik,* 49 F.3d 512 (9th Cir.1995). At that time, it was our view that Amendment 488 did not conflict with the Supreme Court's interpretation of the mandatory minimum provisions at issue here. *See Chapman,* 500 U.S. at 461–68, 111 S.Ct. at 1925–29.

The government petitioned the Supreme Court for a writ of certiorari. The Supreme Court granted the writ, 516 U.S. ——, 116 S.Ct. 899, 133 L.Ed.2d 833 (1996), vacated our opinion, and remanded the case to this court for further consideration in light of its recent decision in *Neal v. United States,* 516 U.S. ——, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996). Relying on the guidance provided in that opinion, we now conclude that Amendment 488 was not intended to supplant the Supreme Court's earlier decision in *Chapman.* We therefore affirm the sentence that

---

**2.** *Chapman* discussed the role of the carrier medium as follows:

> The pure dose [of LSD] is such an infinitesimal amount that it must be sold to retail customers in a "carrier." Pure LSD is dissolved in a solvent such as alcohol, and either the solution is sprayed on paper or gelatin, or paper is dipped in the solution. The solvent evapo-

rates, leaving minute amounts of LSD trapped in the paper or gel. Then the paper or gel is cut into "one-dose" squares and sold by the dose. Users either swallow the squares, lick them until the drug is released, or drop them into a beverage, thereby releasing the drug. 500 U.S. at 457, 111 S.Ct. at 1923. Muschik's LSD was contained on a paper carrier medium.

the district court imposed on December 6, 1993.

## II.

■ The operation of the mandatory minimum provisions of 21 U.S.C. § 841(b)(1) depends largely upon the weight of the controlled substance involved. Section 841(b)(1)(A)(v) imposes a mandatory minimum sentence of ten years imprisonment for a violation of § 841(a)[3] involving "10 grams or more of a mixture or substance containing a detectable amount" of LSD. Section 841(b)(1)(B)(v) imposes a mandatory minimum sentence of five years imprisonment where there is involved "1 gram or more of a mixture or substance containing a detectable amount" of LSD.[4]

The calculation of LSD weight is difficult, however, because the quantity of the actual drug present in each dose is small-the DEA assigns a standard weight for LSD of only 0.05 mg per dosage unit. The inactive carrier medium used to facilitate the transportation, distribution, and use of the drug typically far outweighs the LSD itself. *See Chapman,* 500 U.S. at 458 n. 2, 111 S.Ct. at 1924 n. 2. Thus, there exists the potential for wide variances in sentencing based upon nothing more than the weight of the particular carrier medium chosen by a given defendant.

In *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), the Supreme Court interpreted the term "mixture or substance" present in 21 U.S.C. § 841(b)(1). As neither the Sentencing Guidelines nor § 841(b)(1) defined "mixture"

or "substance," the Court gave these terms their ordinary meaning.[5] The Court reasoned that LSD on blotter paper fell within the meaning of the term "mixture or substance" because "[t]he LSD is diffused among the fibers of the paper.... [T]he LSD cannot be distinguished from the blotter paper, nor easily separated from it." *Id.* at 462, 111 S.Ct. at 1926.

*Chapman* addressed the unfairness that may seem to result where variations in the weight of the inert carrier medium cause otherwise similarly situated defendants to receive different sentences by stating:

> Although LSD is not sold by weight, but by dose, and a carrier medium is not, strictly speaking, used to "dilute" the drug, that medium is used to facilitate the distribution of the drug. Blotter paper makes LSD easier to transport, store, conceal, and sell. It is a tool of the trade for those who traffic in the drug, and therefore 'it was rational for Congress to set penalties based on this chosen tool.

*Id.* at 466, 111 S.Ct. at 1928.

The district court relied upon *Chapman* to calculate the weight of LSD involved in this case. With the entire weight of the carrier medium thus included, the amount of LSD involved was determined to be 101 grams-well over the ten gram benchmark required for the mandatory minimum sentence established by 21 U.S.C. § 841(b)(1)(A).

■ Muschik does not contest the holding of *Chapman* directly, but instead contends that Amendment 488 compels a recalculation of the weight of his LSD as the amendment postdates both the *Chapman* decision and

---

**3.** In relevant part, § 841(a) provides: "(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally-(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance...."

Muschik actually pleaded guilty to conspiracy to distribute LSD in violation of 21 U.S.C. § 846, but that section states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the of-

fense, the commission of which was the object of the attempt or conspiracy."

**4.** Both sections provide for a doubling of the mandatory minimum sentence where the defendant has one or more prior felony drug convictions.

**5.** The Court found: "A 'mixture' may ... consist of two substances blended together so that the particles of one are diffused among the particles of the other." *Id.* at 462, 111 S.Ct. at 1926

the Ninth Circuit's remand for resentencing.[6] Thus, the question before us concerns the impact of Amendment 488 in light of *Chapman's* interpretation of the mandatory minimum provisions at issue here.

As discussed above, the Supreme Court recently resolved this question in *Neal v. United States,* 516 U.S. ——, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996). The Court held "that the Commission's choice of an alternative methodology for weighing LSD does not alter our interpretation of the statute in *Chapman.* In any event, principles of *stare decisis* require that we adhere to our earlier decision." *Id.* at ——, 116 S.Ct. at 766.

The Court reached this conclusion after first explaining that it doubted whether the Commission intended for Amendment 488 to displace *Chapman's* actual-weight method. *Id.* at ——, 116 S.Ct. at 768. The Court noted that the amended commentary expressly cites the *Chapman* decision as well as U.S.S.G. § 5G1.1(b).[7] The citation of these authorities suggested to the Court that

> the Guidelines calculation is independent of the statutory calculation, and that the statute controls if they conflict. The commission seems to do no more than acknowledge that, whether or not its method would be preferable for the statute and Guideline alike, it has no authority to override the statute as we have construed it.

*Neal,* 516 U.S. at ——, 116 S.Ct. at 768.

The Court further held that, even if the Commission did intend for Amendment 488 to serve as an interpretation of 21 U.S.C. § 841(b)(1), it could not be given effect because

> [t]he Commission's dose-based method cannot be squared with *Chapman.* The Guideline does take into account some of the weight of the carrier medium ... but

(citing 9 Oxford English Dictionary 921 (2d ed.1989)).

**6.** Since there is no *ex post facto* problem involved here, as Muschik is not disadvantaged by the amendment, the Guidelines that are in effect upon Muschik's resentencing must be applied. *United States v. Fagan,* 996 F.2d 1009, 1018 (9th Cir.1993) (citations omitted).

we held in *Chapman* that § 841(b)(1) requires "the entire mixture or substance ... to be weighed when calculating the sentence." 500 U.S. at 459, 111 S.Ct. at 1924. In these circumstances, we need not decide what, if any, deference is owed the Commission in order to reject its alleged contrary interpretation. Once we have determined a statute's meaning, we adhere to our ruling under the doctrine of *stare decisis,* and we assess an agency's later interpretation of the statute against that settled law.

*Id.* at —— – ——, 116 S.Ct. at 768–69 (citations omitted).

Applied to the facts of this case, *Neal* thus requires that the entire weight of Muschik's LSD be considered under 21 U.S.C. § 841(b)(1). As this weight was previously determined to be 101 grams, the mandatory minimum established by § 841(b)(1)(A) applies.

### IV.   CONCLUSION

We therefore affirm the sentence that the district court originally and correctly imposed on December 6, 1993.

AFFIRMED.

**7.** Section 5G1.1(b) states: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."